Scileppi, J.
(concurring). I concur for reversal. The facts are not in dispute. The film is in evidence as an exhibit and was viewed by the court. There are two scenes in this motion picture which admittedly were intended to depict sexual intercourse. The claim, however, is that said acts were implied rather than demonstrated, and, further, that the picture has constitutional protection, not only because of its redeeming artistic value but also because the dominant theme of the film taken as a whole is not obscene.
As I viewed the film, there is nothing implied — rather, the two principal characters unmistakably and realistically portray two persons having sexual intercourse, including the final stage *99 — a climactic orgasm. Moreover, the dominant theme test is, I believe, inapplicable to motion pictures. The two offending scenes must be judged separately as would still photographs.
I would conclude that the graphic portrayal in a motion picture of sexual intercourse, illicit or otherwise, simulated or real, is obscene under any of the established legal standards (see, e.g., Manual Enterprises v. Day, 370 U. S. 478; Roth v. United States, 354 U. S. 476; People v. Richmond County News, 9 N Y 2d 578). That these scenes may have been artistically inspired is without significance. Whether matter is to be judged obscene requires the application of objective standards by the courts and not an expedition into subjective motivations (see People v. Fritch, 13 N Y 2d 119). I am unwilling to contribute to the writing of “ Finis ” to the moral code of the vast majority of the people in our country by "placing a stamp of approval on exhibitions of this nature.